UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA (Rural Development)<br><br>Plaintiff<br><br>v.<br><br>ZULMA ESTHER VELEZ RIVERA a/k/a ZULMA VELEZ RIVERA and the ESTATE OF ALEJANDRO GARCIA CRUZ composed by his known heirs AMARILIS GARCIA VELEZ (Deceased, no heirs) AIXA GARCIA VELEZ, ALEJANDRO GARCIA VELEZ (Deceased, no heirs) and THE ESTATE OF ANDRES GARCIA VELEZ (Deceased) composed by heirs A.G.M., J.G.M., and M.G.M. all minors and ELIZABETH MOLINA TORRES as party with any possible interestand ZULMA ESTHER RIVERA as a co-signer and as a representative of the extinct conjugal partnership constituted with ALEJANDRO GARCIA CRUZ and widow with a right to usufruct<br><br>Defendants | CIVIL NO. 06-1993(JAF)<br><br>FORECLOSURE OF MORTGAGE |

**JUDGMENT BY DEFAULT**

Upon plaintiff's motion for judgment, and it appearing from the records on file in this proceeding that default was entered by the Clerk of this Court upon defendants ZULMA ESTHER VELEZ RIVERA a/k/a ZULMA VELEZ RIVERA and the ESTATE OF ALEJANDRO GARCIA CRUZ composed by his known heirs AMARILIS GARCIA VELEZ (Deceased, no

heirs) AIXA GARCIA VELEZ, ALEJANDRO GARCIA VELEZ (Deceased, no heirs) and THE ESTATE OF ANDRES GARCIA VELEZ (Deceased) composed by heirs A.G.M., J.G.M., and M.G.M. all minors and ELIZABETH MOLINA TORRES as party with any possible interestand ZULMA ESTHER RIVERA as a co-signer and as a representative of the extinct conjugal partnership constituted with ALEJANDRO GARCIA CRUZ and widow with a right to usufruct, for failure to answer or otherwise plead in this case, against which defendants the plaintiff is entitled to a Judgment by Default, and the Court being fully advised in the premises, hereby

ORDERS, ADJUDGES, AND DECREES:

1. On January 29, 1979, defendants herein subscribed a Mortgage Note for the principal amount of $27,900.00 with interest at the rate of 8 3/4% per annum.

2. Said Mortgage Note was subscribed in favor of or to the order of Rural Development, an agency and instrumentality of the United States of America.

3. For the purpose of securing the payment of said note a mortgage was constituted by Deed Number 10, dated January 29, 1979 before the Notary Public Augusto César Sánchez Fuentes, over the following real property:

> "SOLAR radicado en la Urbanización Brisas del Mar Tercera Etapa Segunda Extensión situada en el Barrio Sabana y Mata de Plátano del término municipal de Luquillo, Puerto Rico, que se describe en el plano de inscripción de la

urbanización con el número, área y colindancias que se relacionan a continuación:

NUMERO DEL SOLAR: BLOQUE "EL" SOLAR NUMERO DIECISIETE (EL-17).

AREA DEL SOLAR: TRESCIENTOS PUNTO QUINCE METROS CUADRADOS (300.15 m.c.)

EN LINDES: Por el Norte, en trece punto cero cinco metros (13.05m) con el solar número dos (2) de dicho bloque; por el Sur, en trece punto cero cinco metros (13.05m) con la calle E raya ocho (E-8); por el Este, en veintitrés punto cero cero metros (23.00m) con el solar número dieciocho (18) de dicho bloque; y por el Oeste, en veintitrés punto cero cero metros (23.00) con el solar número dieciseis (16) de dicho bloque.

El inmueble antes descrito contiene una casa de concreto diseñada para una familia, construida de acuerdo con los planos y especificaciones aprobados por la Administración Federal de Hogares y otras agencias gubernamentales".

Plaintiff's mortgage is recorded at folio 95, volume 136 of Luquillo, property number 7,634, first inscription, at the Property Registry of Fajardo, Puerto Rico.

4. The defendants herein owners of record of this property have failed to comply with the terms and conditions of the mortgage contract and have refused to pay the stipulated monthly installments, in spite of plaintiff's demands and collection efforts.

5. According to the terms and conditions of the mortgage contract if default is made in the payment of an installment under the note, and said default is not made good prior to the due date

USA v. ZULMA ESTHER VELEZ RIVERA, ET ALS
Civil No. 06-1993(JAF)
Page 4

of the next installment, the entire principal sum and accrued interest shall at once become due and payable at the option of the holder.

6. The defendants' indebtedness with the plaintiff is:

    a) $18,410.77 of aggregate principal;

    b) $15,376.78 of interest accrued as of March 12, 2004 and thereafter until its full and total payment, which interest amount increases at the daily accrual rate of $4.41;

    c) $0.00 of Subsidy Recapture

    d) plus costs, disbursements and attorneys fees due to the date of sale;

7. Defendants, as debtors of the amounts prayed for in the complaint, are hereby ORDERED AND ADJUDGED to pay unto the plaintiff the amounts specified and set forth in the preceding paragraph 6.

8. In default of the payment of the sums herein specified or of any part thereof within the ten (10) days from the date of entry of this judgment, said property shall be sold by the Marshal of this Court at public auction to the highest bidder thereof, without an appraisement or right of redemption for the payment and satisfaction of plaintiff's mortgage within the limits secured thereby.

USA v. ZULMA ESTHER VELEZ RIVERA, ET ALS
Civil No. 06-1993(JAF)
Page 5

    9. The Marshal of this Court shall make the sale hereinabove mentioned in accordance with 28 U.S.C. Section 2001 and Section 2002 and the applicable provisions of the Commonwealth of Puerto Rico Mortgage Law. The notice of sale shall be published in a newspaper of general circulation once a week during four (4) consecutive weeks. The amount of $27,900.00 shall serve as the minimum bid for the first public sale. Should the first public sale fail to produce an award or adjudication, two-thirds of the aforementioned amount shall serve as the minimum bid for the second public sale. Should there be no award or adjudication at the second public sale, the basis for the third sale shall be one-half of the amount specified as minimum bid for the first public sale. The Marshal of this Court shall proceed to issue the corresponding notice of sale to be published in a newspaper of general circulation without the need of further orders or writs from this Court. Such sale shall be subject to the confirmation of this Court. Upon confirmation the Marshal shall execute the corresponding deed of judicial sale to the purchaser and he shall be entitled to the delivery of the property sold and its physical possession, in accordance with law. Said possession may be obtained through eviction of the occupant of the property without the need of further order of this Court if executed within sixty (60) days from the confirmation of the public sale.

USA v. ZULMA ESTHER VELEZ RIVERA, ET ALS
Civil No. 06-1993(JAF)
Page 6

    10. Any funds derived from the sale to be made in accordance with the terms of this judgment and such further orders of this Court shall be applied as follows:

    a) To the payment of all proper expenses attendant upon said sale;

    b) To the payments of that part of the indebtedness owed to the plaintiff in the same order and for the amounts specified, and set forth in the preceding paragraph 6;

    c) If after making the above payments there shall be surplus, said surplus shall be delivered to the Clerk of this Court, subject to further orders of the Court;

    d) In the case the proceeds from the said sale are not sufficient to cover the full amounts owing to the plaintiff, the plaintiff shall be entitled to a deficiency judgment against the defendant and shall have execution therefor.

    11. The Property Registrar of the corresponding Property Registry of Puerto Rico shall proceed to the recording of the judicial sale deed in favor of the purchaser, free of any liens subsequent to the date of the execution of the foreclosed mortgage.

    12. Plaintiff in these proceedings may apply to this Court for such further orders as it may deem advisable to its interest in accordance with the terms of this Judgment and the Clerk shall

USA v. ZULMA ESTHER VELEZ RIVERA, ET ALS
Civil No. 06-1993(JAF)
Page 7

proceed to issue of course all necessary writs to enforce and execute the same.  Fed.R.Civ.P. 77(a).

In San Juan, Puerto Rico, this 19th day of January, 2007.

_____
UNITED STATES DISTRICT JUDGE